[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum of Decision
In this case, the plaintiff, Melissa Hudson, has brought a four-count complaint against defendants. Ms. Hudson alleges in her complaint in substance that she was formerly employed by the defendant insurance company, controlled by the in her complaint in substance that she was formerly employed individually named defendant, a licensed insurance agent and broker. In summary, her complaint alleges that defendants negligently and/or deceitfully failed to inform her that her group health insurance coverage had lapsed, thereby damaging her. Count One alleges negligence against defendants. Count Two alleges a violation of Connecticut General Statutes Section 38a-537. Count Three alleges a violation of Connecticut General Statutes Sections 38a-880 and 38a-884 (b). Count Four alleges a violation of the Connecticut Unfair Trade Practices Act (CUTPA).
Trial was held on April 3, 1997. The sole witnesses were the plaintiff and Randall E. Searles.
Having evaluated the full record, including the exhibits, and having considered the testimony of the witnesses, and the CT Page 4333 credibility of the witnesses, I find for the plaintiff on Counts One and Two, and order that judgment enter against both defendants in the amount requested, $3,382, plus costs of $212.40, for a total judgment in the amount of $3,594.40. Judgment shall enter for defendants on Counts Three and Four.
The evidence indicated that plaintiff was hired by Mr. Searles himself as a customer service representative for the two periods alleged in the complaint, that plaintiff was offered group health insurance as alleged, that plaintiff relied on this representation, and that the coverage was permitted to lapse, with no notice or warning to plaintiff. The evidence indicated that after the lapse, but before plaintiff was informed of the lapse, she incurred various medical expenses, as indicated in the Plaintiff's Exhibits 1, 2, and 3. There was no evidence suggesting that the bills were not reasonable. The evidence supported plaintiff's claim that defendants were negligent, as alleged in Paragraph 9(a) in that they deliberately caused plaintiff's insurance coverage to terminate without proper notice to plaintiff by failing to remit a premium. The evidence also supported plaintiff's allegation in Paragraph 9(b) that defendants were negligent in that they neglected to monitor and pay a premium due promptly and thereby caused the insurance coverage to terminate. Given the controlling role played by Randall E. Searles individually, I believe it is appropriate that judgment enter against both defendants on Count One. I conclude, based on the full record, that defendant's negligent conduct proximately caused the damages claimed. Plaintiff has proven the allegations in Count One by a preponderance of the evidence.
With respect to Count Two, plaintiff alleges that defendants conduct violated Connecticut General Statutes Section 38a-537. This provides in relevant part that "(a) Any individual, partnership, corporation, or unincorporated corporation providing group health insurance coverage for its employees shall furnish each insured employee, upon cancellation or discontinuation of such health insurance, notice of the cancellation or discontinuation of such insurance. The notice shall be mailed or delivered to the insured employee not less than 15 days next preceding the effective date of cancellation or discontinuation." Based on my evaluation of the full record, I conclude that plaintiff has proven the allegations in Count Two by a preponderance of CT Page 4334 the evidence. The evidence indicates — indeed, Mr. Searles essentially conceded — that defendants failed to give proper notice as required by the statute. Judgment shall enter against both defendants on Count Two.
With respect to Counts Three and Four, I conclude, based on my review of the full record, that plaintiff has failed to prove the allegations of these counts by a preponderance of the evidence. Judgment shall enter for defendants on these counts, and plaintiff's request for treble damages on Count Four is denied.
Conclusion
Judgment shall enter for plaintiff as against both defendants on Counts One and Two in the total amount of $3,594.40.
Douglas S. Lavine Judge, Superior Court